```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF ALABAMA
                      NORTHERN DIVISION

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )    CR. NO. 2:01cr00172-S
                               )
JOSEPH KENNEDY                 )
LEON KENNEDY                   )
RICKY W. HARRINGTON            )
SHARMANE J. ROBINSON, AND      )
CHRISTOPHER L. ARRIGHI         )
                               )
          Defendants.          )
_____ )
```

PRELIMINARY ORDER OF FORFEITURE

WHEREAS, in the Forfeiture Allegation of the Indictment and the Bill of Particulars for Forfeiture of Property in the above case, the United States sought forfeiture of specific property,

IT IS HEREBY ORDERED:

1. As the result of the guilty plea to Counts 1 and 2 of the Indictment, for which the Government sought forfeiture pursuant to Title 21, United States Code, Section 853, the defendant Sharmane J. Robinson shall forfeit to the United States: all property involved in the commission of violations of Title 21, United States Code, Section 841 and Title 21, United States Code, Section 846.

2. The Court has determined that the following property is subject to forfeiture pursuant to Title 21, United States Code, Section 853, that the defendant Sharmane J. Robinson

had an interest in the property and, that the United States has established the requisite nexus between such property and such offenses:

>One 1995 Dodge Intrepid, VIN: 1B3HD56F2SF538054.

3.  Upon the entry of this Order, the United States Attorney General is authorized to seize the above-listed property and conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.  Upon entry of this Order, the United States Attorney General is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5.  The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General may direct.  The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

6.  Any person, other than the above named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest

in the subject property, and for an amendment of the Order of Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) which incorporates Title 21, United States Code, Section 853(n)(6).

7.  Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8.  Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, and any additional facts supporting the petitioner's claim and the relief sought.

9.  After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10.  The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or, if no such petitions are filed, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2), which is incorporated by Title 28, United States Code, Section 2461(c), for the filing of third party petitions.

11.  The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

12.  The Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office, Middle District of Alabama.

DATED this the 6th day of July, 2005.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
UNITED STATES DISTRICT COURT